**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LATASHA ROBINSON, individually,** ) | |
| **and TYWANDA HARDYWAY, as the** ) | |
| **natural guardian of minors T.M.J., T.S.J.,** ) | |
| **and T.S.J.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 07-1210-KMH |
| ) | |
| **PEOPLES BENEFIT LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Robinson's motion for summary judgment. (Doc. 15). For the reasons set forth below, the motion shall be GRANTED.[1]

**Background**

This case involves a life insurance policy issued by Peoples Benefit and the determination of the proper beneficiary. Highly summarized, Robinson contends that Peoples Benefit failed to update its records to show that she is the designated beneficiary of

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

the policy.[2] The uncontroverted facts are set forth in greater detail below.

## Findings of Fact

On November 11, 2002, Peoples issued a life insurance policy on the life of LaVirgil D. Jones. The policy was in full force and effect on December 16, 2006, the day LaVirgil died. The death benefit of the policy is $50,000. The parties agree that the policy allowed LaVirgil the right to choose the beneficiary of his life insurance policy.

Sheila F. Clayton, LaVirgil's mother, was the sole designated beneficiary of the policy prior to her death on September 11, 2006. Following the death of his mother, LaVirgil completed a change-of-beneficiary form naming his sister, LaTasha Robinson, as the designated beneficiary of the policy. The change-of-beneficiary form was submitted to Peoples before LaVirgil's death with the quarterly premium (a money order for $30.75) in a properly addressed envelope with adequate first-class postage in the U.S. mail. Peoples concedes that the premium was timely paid; however, Peoples has no explanation for the handling of the change-of-beneficiary form.

Neither Peoples nor the other party in this case (Tywanda Hardyway) dispute that a properly completed change-of-beneficiary form was submitted to Peoples.[3]

---

[2] Peoples filed a counterclaim for interpleader, requesting permission to pay the proceeds of the policy into court. By separate order, Peoples has been ordered to pay the funds into the court.

[3] Hardyway agrees that LaTasha Robinson is the designated beneficiary of the policy. (Doc. 16, p. 2).

## Conclusions of Law

A rebuttable presumption arises, upon the mailing of a properly addressed envelope with adequate postage, that the envelope is received in due course by the addressee. <u>Witt v. Roadway Exp.</u>, 136 F. 3d 1424, 1430, (10th Cir. 1998); <u>Columbian Nat. Life Ins. Co. v. Rogers</u>, 93 F. 2d 740, 742, (10th Cir. 1937). Peoples presents no evidence to rebut the presumption. Moreover, Peoples concedes that it received the envelope and posted the quarterly premium payment. Based on the uncontroverted evidence, the court finds that the change-of-beneficiary form was received in the ordinary course of business by Peoples. Because the policy permitted LaVirgil to choose the beneficiary and because he timely selected his sister, the court finds as a matter of law that LaTasha Robinson is entitled to the death benefits from the policy (Policy No. 010C119957).

**IT IS THEREFORE ORDERED** that LaTasha Robinson's motion for summary judgment **(Doc. 15)** is **GRANTED.**[4]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of April 2008.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Plaintiff Tywanda Hardyway asserted an alternative claim that T.M.J., T.S.J. and T.S.J. were LaVirgil's heirs and entitled to death benefits if there were no designated beneficiary. Because the court finds that LaTasha Robinson is the designated beneficiary, the alternative claim of Hardyway is moot.